**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| ANDREA THOMAS, | Case No. 2:17-cv-02001-MMD-CWH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| SMITH-PALLUCK ASSOCIATES CORP., d/b/a LAS VEGAS ATHLETIC CLUBS, | |
| Defendant. | |

Presently before the court is plaintiff Andrea Thomas' Motion for Leave to File First Amended Complaint (ECF No. 17), filed on February 7, 2018. Defendant Smith-Palluck Associates Corp. d/b/a Las Vegas Athletic Clubs ("LVAC") filed a response (ECF No. 18), which is supported by Elana Toliver's declaration (ECF No. 19), on February 21, 2018. Thomas filed a reply (ECF No. 23) on February 28, 2018.

Also before the court is LVAC's motion to stay pending a ruling by the Federal Communications Commission on TCPA Issues Disputed in this Case (ECF Nos. 38, 39), filed on July 17, 2018. Thomas did not file a response.

This is a dispute regarding repeated calls from LVAC to Thomas on her cellular telephone regarding a debt. (*See* Compl. (ECF No. 1).) Thomas contends she instructed LVAC to stop calling her cellular telephone, but she continued to receive calls and voicemails from LVAC, many of which involved pre-recorded and artificial messages. (*Id.* at ¶¶ 24-30, 39-42.) Thomas claims LVAC employed an automatic telephone dialing system to place these calls. (*Id.* at ¶¶ 31-38.) Thomas brought suit against LVAC, alleging claims for negligent and willful violation of the Telephone Consumer Protection Act ("TCPA") (claims one and two) and for state law deceptive trade practices (claim three). (*Id.* at ¶¶ 53-73.)

1    Thomas now moves to amend her complaint to (1) allege additional facts about LVAC's
2    automatic telephone dialing equipment, (2) assert claims for a putative class, and (3) drop her
3    deceptive trade practices claim. LVAC does not oppose dropping the deceptive trade practices
4    claim, but it argues amendment to assert class action claims would be futile because Thomas
5    consented to the calls in her LVAC membership agreement. Thomas replies the class claims are
6    not futile, because ambiguities in the membership agreement must be construed against LVAC,
7    and the agreement does not provide for contact through an automatic telephone dialing system for
8    collections purposes.
9    LVAC moves to stay the litigation, arguing the law on what equipment constitutes an
10   automatic telephone dialing system is in flux. LVAC points to two forthcoming rulings—one
11   from the FCC, the agency tasked with construing the TCPA, and one from the United States
12   Court of Appeals for the Ninth Circuit—arguing that those decisions will alter the law governing
13   this case. LVAC argues the primary jurisdiction doctrine authorizes the court to stay a case to
14   allow an administrative agency with subject matter expertise, such as the FCC's expertise on the
15   TCPA, to rule on an issue within its purview. LVAC further argues the court has the inherent
16   authority to stay this case for efficiency reasons. For instance, LVAC states the parties and the
17   court should not expend resources on discovery, motion practice, and trial, only to have to "redo"
18   the work when the FCC and Ninth Circuit render decisions that bear on whether the dialing
19   equipment used in this case qualifies as an automatic telephone dialing system under the TCPA.
20   Thomas does not oppose the motion to stay, which constitutes a consent to the granting of the
21   motion under Local Rule 7-2(d).
22   Having reviewed and considered the unopposed motion to stay, and for the reasons stated
23   in the motion, the court will stay this litigation pending the FCC or Ninth Circuit's ruling,
24   whichever is earlier. In particular, the court is persuaded that a stay is appropriate because it
25   appears the FCC is poised to determine whether dialing equipment similar to the equipment at
26   issue in this case, i.e., the Nuxiba System, satisfies the TCPA's definition of an automatic
27   telephone dialing system. The deadline to file public comments with the FCC on this issue
28   expired on June 28, 2018. Further, in *Marks v. Crunch San Diego, LLC*, No. 14-56834 (9th Cir.),

a case involving what type of dialing equipment constitutes an ATDS, appellate briefing and oral argument were complete as of May 11, 2018. Given that the court is staying the litigation, it will deny the motion to amend without prejudice for Thomas to renew the motion and for the parties to supplement their briefs, if necessary, after the stay is lifted.

IT IS THEREFORE ORDERED that defendant LVAC's unopposed motion to stay this case (ECF Nos. 38, 39) is GRANTED as stated in this order.

IT IS FURTHER ORDERED that the parties must promptly file a joint status report upon receipt of the FCC or the Ninth Circuit's decision, whichever is earlier. Meanwhile, the parties must file a joint status report by January 4, 2019, and every 120 days thereafter, until the stay is lifted.

IT IS FURTHER ORDERED that Thomas' Motion for Leave to File First Amended Complaint (ECF No. 17) is DENIED without prejudice. After the stay is lifted, Thomas may file a notice renewing the motion to amend. If the motion is renewed, the court will entertain the parties' proposals, if any, for a schedule for supplemental briefing on the motion to amend.

DATED: September 6, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE