UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANDREA THOMAS,

        Plaintiff,

v.

SMITH-PALLUCK ASSOCIATES CORP.
d/b/a LAS VEGAS ATHLETIC CLUBS,

        Defendant.

Case No. 2:17-cv-02001-MMD-CWH

ORDER

## I. SUMMARY

This is a Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), case where Plaintiff Andrea Thomas alleges Defendant Smith-Palluck Associates Corp. d/b/a Las Vegas Athletic Clubs violated the TCPA by repeatedly calling Plaintiff after she stopped paying for her gym membership using automated equipment, even after she asked Defendant to stop calling her. (ECF No. 1.) Plaintiff further alleges violations of Nevada's Deceptive Trade Practices Act, NRS § 598.0918 ("NDTPA"). (*Id.* at 11-14.) Magistrate Judge Carl W. Hoffman previously stayed the case in September 2018 to await a potentially case-determinative ruling from the Ninth Circuit or the Federal Communications Commission ("FCC"), whichever came earlier. (ECF No. 42.) Before the Court is Defendant's motion to maintain the stay, even though the Ninth Circuit issued the opinion Judge Hoffman agreed to wait for, to await further guidance from the FCC on what constitutes an automatic telephone dialing system ("ATDS") under the TCPA (the "Motion").[1] (ECF No. 44.) Because the Court finds—as explained below—that neither the *Landis* factors nor the primary jurisdiction doctrine suggest the Court should maintain the

---

[1]Plaintiff filed a response (ECF No. 45), and Defendant replied (ECF No. 46).

stay, the Court will deny Defendant's Motion and lift the stay. The Court further addresses herein the parties' response to a prior minute order (ECF Nos. 49, 50) and Plaintiff's motion for leave to file supplemental authority (ECF No. 51). To preview, the Court determines this case should proceed separately from *Kibbee v. Smith-Palluck Associates Corp.*, Case No. 2:18-cv-1848-APG-GWF (D. Nev. Filed Sept. 24, 2018) ("*Kibbee*"), and will deny Plaintiff's motion for leave to file supplemental authority as moot.

## II.  BACKGROUND

Judge Hoffman had imposed a temporary stay of this case on Defendant's unopposed motion because of the potential impact of the Ninth Circuit Court of Appeals' decision in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), *cert. dismissed*, No. 18-995, 2019 WL 368840 (U.S. Feb. 27, 2019)—or the FCC's decision on whether the Nuxiba dialing system also at issue here constitutes an ATDS (the "FCC Decision"), whichever came earlier—on this case. (ECF No. 42.) In *Marks,* the Ninth Circuit found "that the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Marks*, 904 F.3d 1041 at 1052; *see also id.* at 1052-53. However, the FCC Decision has yet to issue as of the date of entry of this order. Defendant moves the Court to maintain the stay until the FCC Decision. (ECF No. 44.)

## III.  LEGAL STANDARD

A district court has discretionary power to stay proceedings in its own court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When deciding whether to issue a stay, the court must weigh competing interests including: (1) the possible

damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay [these factors are henceforth referred to as "the *Landis* factors"]." *Singer v. Las Vegas Athletic Clubs*, Case No. 2:17-cv-01115-GMN-VCF, 2019 WL 1338384, at *5 (D. Nev. Mar. 25, 2019) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## IV. DISCUSSION

The Court first addresses whether to maintain the stay currently in effect in this case, whether to combine this case with *Kibbee*, and then Plaintiff's motion for leave to file supplemental authority.

### A. Whether to Maintain the Stay

The Court will lift the stay because the *Landis* factors weigh in favor of lifting it. Defendant argues the Court should maintain the stay to await the FCC Decision under the primary jurisdiction doctrine because Defendant will be prejudiced if it is forced to defend this lawsuit, and because the FCC Decision may moot some of Plaintiff's claims.[2] (ECF No. 44 at 5-8, 7 (incorporating by reference the prejudice due to defense argument from ECF No. 38).) Plaintiff responds the Court should lift the stay because she wants this litigation to move forward, and Defendant cannot articulate a meaningful basis to determine how long a maintained stay would last.[3] (ECF No. 45.) The Court agrees with Plaintiff on the latter point.

---

[2]Defendant also argues a stay is warranted because, at the time it filed the Motion, the *Marks* case was not yet final. (ECF No. 44 at 7-8.) However, the *Marks* case is now final—petitions for rehearing *en banc* and for *writ of certiorari* have been denied as of the date of entry of this order.

[3]Plaintiff also argues she is prejudiced by the stay because she intends to seek leave to amend her complaint to include class allegations, and she believes Defendant is destroying or at least not preserving documents relevant to those class allegations. (ECF No. 45 at 6-7.) Defendant responds that Plaintiff's concern is unfounded because it is preserving all relevant documents, including documents relevant to Plaintiff's class allegations were she later permitted to amend her Complaint to include them. (ECF

Plaintiff filed this case in July 2017. Plaintiff is entitled to expeditiously prosecute its case. Indefinite stays are at odds with the Federal Rules of Civil Procedure's goal of "just, speedy, and inexpensive of every action and proceeding." Fed. R. Civ. P. 1; *see also* LR 1-1(a), 1-1(b) ("It is the obligation of attorneys, as officers of the court, to work toward the prompt completion of each case and to minimize the costs of discovery."). Further, "stays should not be indefinite in nature." *Singer*, 2019 WL 1338384, at *5 (quoting *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007)). The Court agrees with Plaintiff that Defendant cannot point to a definite time or set of circumstances when a stay would no longer be appropriate—and this uncertainty weighs strongly in favor of lifting the stay here.[4] Further, the Court is unpersuaded by Defendant's argument that litigation costs alone represent prejudice meriting an indefinite stay. *See Singer*, 2019 WL 1338384, at *5 (citing *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017) ("being required to defend a suit, without more, does not constitute a clear case of hardship or inequity") (citation omitted)).

The Court is also unpersuaded by Defendant's argument that the Court should prolong the stay under the primary jurisdiction doctrine. (ECF No. 44 at 5-7.) Judge Navarro addressed and rejected Defendant's primary jurisdiction argument in *Singer*, 2019 WL 1338384, at *4-*5 (rejecting the argument and listing other courts within the Ninth Circuit that have rejected stay requests to await further FCC rulemaking in TCPA cases). The Court finds the same rationale applies here. Most notably, it is unclear when the FCC will issue new rules that would settle the question of whether Defendant's system at issue here is an ATDS, and when those rules will become final in light of likely legal

---

46 at 2-3.) The Court will take Defendant at its word, and will not further address this argument at this time.

[4]Defendant argued the delay in waiting for the FCC Decision would be "slight," and "within a few months" when it filed its Motion in October 2018. (ECF No. 46 at 4-5.) As of the date of entry of this order in April 2019, the FCC Decision remains forthcoming. This simple fact diminishes the persuasive effect of Defendant's argument.

4

challenges to them. *See id.* at *5. It is also unclear whether the FCC Decision would definitively resolve all pertinent issues in this case. In short, the FCC Decision favorable to Defendant's position may never arrive. Thus, it would be inefficient to indefinitely delay these proceedings—and efficiency is a key consideration when determining whether to invoke the prudential doctrine of primary jurisdiction. *See Singer*, 2019 WL 1338384 at *4-*5.

Defendant also argues the stay should be maintained because several constitutional challenges to portions of the TCPA applicable to this case are pending before other courts in the Ninth Circuit, and at the Ninth Circuit. (ECF No. 44 at 8 (citing *Meza v. Sirius XM Radio, Inc.*, Case No. 17-cv-2252-AJB-JMA, 2018 WL 4599718, at *3-*5 (S.D. Cal. Sept. 25, 2018).) However, Plaintiff did not respond to this argument (ECF No. 45), and Defendant did not mention it in its reply (ECF No. 46). Further, Defendant argues in its reply that the FCC Decision will be "***the*** binding decision[.]" (*Id.* at 4 (emphasis in original).) Thus, Defendant appears to have dropped this argument. Regardless, this argument is flawed for the same reason as Defendant's primary jurisdiction argument—it is unclear when relevant rulings will issue, and which rulings (if any) would be dispositive of this case to merit continuing the stay here.

In sum, the *Landis* factors do not weigh in favor of continuing the stay in this case, and the Court will therefore lift the stay.

### B. Whether to Combine this Case With *Kibbee*

The Court issued a minute order directing the parties to show cause why this case should not be combined with *Kibbee* (ECF No. 49) because Defendant stated in a joint status report that Plaintiff filed a related class action once this case was stayed, and Plaintiff's motion to amend was denied without prejudice (ECF No. 43 at 8 n.24). The parties responded as requested. (ECF No. 50.) In their response (ECF No. 50), the parties conceded there were common elements between this case and *Kibbee* such that the parties were negotiating an agreement that would allow them to use discovery from this

case in *Kibbee*, but they also pointed out some differences between the two cases. (*Id.* at 2.) Specifically: *Kibbee* has a different plaintiff than this case; (2) this case appears to include an intrusion upon seclusion claim, while *Kibbee* does not; (3) *Kibbee* has a state-wide class action claim under the NDTPA, while this case does not; (4) *Kibbee* is a class action, and this case is not; and (5) this case is farther along in discovery but stayed, while *Kibbee* is not stayed, discovery is just starting, and a potentially dispositive motion is currently pending. (*Id.*)

The Court finds these cases are sufficiently dissimilar such that this case should proceed separately from *Kibbee*. LR 42-1. The legal claims at issue here are slightly different from *Kibbee*, and the facts differ in that the cases do not have the same plaintiff.

**C. Plaintiff's Motion for Leave to File Supplemental Authority**

Plaintiff filed a motion for leave to file supplemental authority, *Singer*, 2019 WL 1338384, which it characterized as relevant to its motion to amend. (ECF No. 51.) *Singer* is no doubt relevant to this case, but Judge Hoffman previously denied Plaintiff's motion to amend without prejudice. (ECF No. 42.) Thus, Plaintiff's motion for leave to file supplemental authority is moot. There is no active motion to amend to supplement.

**V. CONCLUSION**

It is therefore ordered that Defendant's motion to stay (ECF No. 44) is denied.

It is further ordered Plaintiff's motion for leave to submit supplemental authority (ECF No. 51) is denied as moot.

It is further ordered that the stay in this case is lifted.

DATED THIS 12th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

6